## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **MIDWEST CONTAINER &** ) | |
| **INDUSTRIAL SUPPLY COMPANY,** ) | |
| **and BARNHART DEVELOPMENT** ) | |
| **CORP.,** ) | **Case No.:** |
| ) | |
| Plaintiffs, ) | **Judge:** |
| ) | |
| v. ) | |
| ) | |
| **HUB PLASTICS-MIDWEST, LLC,** ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF REMOVAL

Defendant Hub Plastics-Midwest, LLC ("HPM") hereby gives notice of removal of this case under 28 U.S.C. §§ 1332, 1441, and 1446 from the Circuit Court of Jefferson County, Missouri to the United States District Court for the Eastern District of Missouri.[1] The grounds for removal are as follows:

### BACKGROUND

1. On September 22, 2025, Plaintiffs Midwest Container & Industrial Supply Company ("Midwest Container") and Barnhart Development Corporation ("Barnhart") (collectively, "Plaintiffs") filed suit against HPM in the Circuit Court of Jefferson County, Missouri, in the case numbered 25JE-CC00928. A true and accurate copy of the Petition and

---

[1] In no way shall this Notice of Removal be interpreted as a waiver or relinquishment of HPM's right to assert defenses including the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) statute of limitations, (ix) statute of repose, or (x) any other procedural or substantive defense available under state or federal law.

Summons are attached as <u>Exhibit 1</u>.[2] Copies of all other pleadings, process, orders, and other documents currently on file in state court are also included in Exhibit 1 in accordance with Local Rule 81— 2.03.

 2. Plaintiffs assert the following claims against HPM: Breach of Contract; Quantum Meruit/ Unjust Enrichment; Waste; Identity Theft; and Negligence.

 3. As will be fully set forth below, diversity jurisdiction now exists, the amount in controversy is satisfied, and this removal is timely pursuant to 28 U.S.C. § 1446(b).

## SHORT AND PLAIN STATEMENT OF GROUNDS FOR REMOVAL

**I. This Court Has Removal Jurisdiction.**

 4. Federal law permits defendants sued in state court to remove a "civil action … of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

 5. Venue is proper because the United States District Court for the Eastern District of Missouri is the federal judicial district and division that covers the Circuit Court of Jefferson County where this action was originally filed.

**II. There Is Complete Diversity Under 28 U.S.C. § 1332.**

 6. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and HPM.

 7. Midwest Container is a citizen of the State of Missouri. (Petition ¶ 1.)

---

[2] Exhibits A-D to the Petition are confidential documents and are required to be kept confidential by their terms, yet Plaintiffs filed them on the public docket in the state court action. To avoid compounding the problem, HPM is not including Exhibits A-D with the copy of the Petition that is attached. In accordance with E.D. Mo. Local Rule 13.05, HPM will file a motion to seal Exhibits A-D to the Petition after removal.

2

8. Barnhart is a citizen of the State of Missouri. (Petition ¶ 2.)

9. For purposes of federal court diversity jurisdiction, the citizenship of a limited liability company, such as HPM, is determined by the citizenship of each of its members. *See E3 Biofuels, LLC v. Biothane, LLC,* 781 F.3d 972, 975 (8th Cir. 2015). "The State of an LLC's organization does not determine its citizenship; only the citizenship of the LLC's members is determinative." *Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 635 (8th Cir. 2022).

10. As set forth in the Declaration of HPM's President and Secretary, John Herrick ("Herrick Decl."), HPM is a limited liability company. (Herrick Decl. ¶ 2; Petition ¶ 3.) A true and accurate copy of the Herrick Declaration is attached as Exhibit 2.

11. HPM's sole member is Hub Holdings, LLC ("Hub Holdings"). (Herrick Decl. ¶ 3.)

12. The managing member of Hub Holdings is LMI Management, LLC ("LMI"). (Herrick Decl. ¶ 4.) LMI's members are Little Mountain Industries, Inc., an Ohio corporation with its principal place of business in Mentor, Ohio, and Herrick Management, LLC ("Herrick Management"). (*Id.*) The members of Herrick Management are John and Laura Herrick, both of whom are citizens of Ohio. (*Id.*)

13. The remaining members of Hub Holdings are various individuals, trusts, and limited liability companies. None of the individuals or trusts are Missouri citizens, nor are the members of the limited liability companies. (Herrick Decl. ¶ 5.)

14. In short, no member of HPM, Hub Holdings, LMI, or Herrick Management is a citizen of the State of Missouri. (Herrick Decl. ¶ 6.)

15. Therefore, complete diversity exists between the parties.

177169739

**III.     The Amount In Controversy Exceeds $75,000.**

16.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). And  "[a]s the numerous cases on the subject make clear, when the amount in controversy claimed in the plaintiff's state court complaint exceeds $75,000, the complaint generally is determinative of the amount in controversy issue for federal removal jurisdiction purposes." 14C WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE § 3725 (1998) (and cases cited therein); *Zunamon v. Brown*, 418 F.2d 883, 885 (8th Cir. 1969) ("We begin with the principle that the amount claimed by plaintiff ordinarily controls in determining whether jurisdiction lies in the federal court."). The pleaded amount is determinative unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

17.     While HPM denies that Plaintiffs are entitled to any monetary or other relief, it is plain from the allegations and relief sought by Plaintiffs in the Petition that "the amount in controversy exceeds the jurisdictional threshold." *Id*.

18.     Counts I-III of the Petition are asserted by Midwest against HPM. Each count claims damages in excess of $25,000. (Petition ¶¶ 36-60.) Count III also seeks to treble the claimed $25,000 in damages. (*Id*. at ¶ 60.)

19. Count IV of the Petition is asserted by Midwest against HPM and seeks "$5,000 for each use of [Midwest's] vendor accounts, or three times the amount of [Midwest's] actual damages, whichever is great [sic] . . . ." (Petition ¶¶ 61-68.) Midwest also seeks an award of attorneys' fees in connection with Count IV. (*Id.* at ¶ 68.) "In determining the amount in controversy . . . attorney's fees are considered." *Osia v. Mid-Century Ins. Co.,* 2006 WL 1523020, *1 (E.D. Mo. May 30, 2006) (citing *Capital Indemn Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992)).

20. Counts V-VI of the Petition are asserted by Barnhart against HPM and claim damages in excess of $25,000. (Petition ¶¶ 69-80.)

21. Although HPM denies liability and does not believe Plaintiffs are entitled to any relief, the jurisdictional amount in controversy is satisfied based on Plaintiffs' allegations in the Petition.

**IV. The Notice Of Removal Is Timely.**

22. Pursuant to 28 U.S.C. § 1446(b)(1), the notice of removal shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.

23. HPM was served with the summons and Petition on October 6, 2025. Accordingly, this Notice of Removal is being filed within thirty (30) days after HPM received a copy of the Petition setting forth the claims for relief upon which this action is based pursuant to 28 U.S.C. § 1446(b)(1). *See* Fed. R. Civ. P. 6(a).

## V. The Notice Of Removal Is Proper.

24. Pursuant to 28 U.S.C. § 1446(a), the summons, Petition, and Notice of Service attached as Exhibit 1, constitute all process, pleadings, and orders served upon HPM in this action.

25. Upon the filing of this Notice of Removal, HPM, through counsel, will promptly file a copy of this Notice of Removal with the Circuit Court of Jefferson County, Missouri, in accordance with 28 U.S.C. § 1446(d). HPM will also provide Plaintiffs written notice of the filing of this Notice of Removal.

## CONCLUSION

In conclusion, because (1) there is complete diversity between Plaintiffs and HPM; (2) the amount in controversy exceeds $75,000 exclusive of interest and costs; and (3) this Notice of Removal is otherwise proper and timely, diversity jurisdiction exists under 28 U.S.C. § 1332, and this case falls within this Court's jurisdiction under 28 U.S.C. § 1441(a).

If any question arises as to the propriety of the removal of this action, HPM requests the opportunity to present a brief and requests oral argument in support of removal.

WHEREFORE, HPM gives notice that the above-described action pending in the Circuit Court of Jefferson County, Missouri, at Case No. 25JE-CC00928, be removed to this Court.

Dated:  October 17, 2025

Respectfully submitted,

THOMPSON COBURN LLP

*/s/ Maria G. Zschoche*
Maria G. Zschoche, #56635
One US Bank Plaza, Suite 2800
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 (Fax)
mzschoche@thompsoncoburn.com

*Attorney for Hub Plastics – Midwest, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2025 a true and accurate copy of the foregoing was filed electronically via the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system. I hereby further certify that on October 17, 2025, a true and accurate copy of the foregoing was served via e-mail upon the following:

Lauren Wood
UB Greensfelder LLP
LWood@ubglaw.com

*Attorney for Plaintiffs*

>                                    */s/ Maria G. Zschoche*
>                                    Maria G. Zschoche, #56635

177169739