# **EXHIBIT 1**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**10/10/2025**

**Corporation Served**

Document ID - 25-SMCC-1892; Served To - HUB PLASTICS-MIDWEST, LLC; Served Date - 10/06/2025; Served Time - 11:20:00; Service Type - SP; Reason Description - SERV; Service Text -CORPORATION SERVED - SIGNED FOR BY DAN (INTAKE SPECIALIST)

**10/09/2025**

Notice of Service

25-SMCC-1892; Electronic Filing Certificate of Service.

**09/26/2025**

**Case Mgmt Conf Scheduled**

**Scheduled For:** 01/06/2026; 9:00 AM; EDWARD LOUIS PAGE; Jefferson

**09/22/2025**

**Memorandum Filed**

Memorandum to Court Paying Petition Filing Fee.

**Filed By:** LAUREN WOOD

**On Behalf Of:** MIDWEST CONTAINER & INDUSTRIAL SUPPLY COMPANY, BARNHART DEVELOPMENT CORP.

**Summons Issued-Circuit**

Document ID: 25-SMCC-1892, for HUB PLASTICS-MIDWEST, LLC

**Filing Info Sheet eFiling**

**Filed By:** LAUREN WOOD

**Confid Filing Info Sheet Filed**

Confidential Filing Information Sheet.

**Filed By:** LAUREN WOOD

**On Behalf Of:** MIDWEST CONTAINER & INDUSTRIAL SUPPLY COMPANY, BARNHART DEVELOPMENT CORP.

Pet Filed in Circuit Ct

Petition; Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E.

**Filed By:** LAUREN WOOD

**On Behalf Of:** MIDWEST CONTAINER & INDUSTRIAL SUPPLY COMPANY, BARNHART DEVELOPMENT CORP.

**25JE-CC00928**

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **MIDWEST CONTAINER &** | ) | |
| **INDUSTRIAL SUPPLY COMPANY,** | ) | |
| **and BARNHART DEVELOPMENT** | ) | |
| **CORP.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.:** |
| | ) | |
| **v.** | ) | **Division No.:** |
| | ) | |
| **HUB PLASTICS-MIDWEST, LLC** | ) | |
| | ) | |
| **Serve: Registered Agent** | ) | |
| **C T CORPORATION SYSTEM** | ) | |
| **5661 Telegraph Rd Ste 4B** | ) | |
| **St. Louis, MO 63129-4275** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PETITION

COME NOW Plaintiffs Midwest Container & Industrial Supply Company ("Midwest Container") and Barnhart Development Corp. ("Barnhart Development") (collectively "Plaintiffs"), by and through the undersigned counsel, and for their Petition against Defendant HUB Plastics-Midwest, LLC ("HUB" or "Defendant"), state as follows:

## Parties, Jurisdiction and Venue

1.      Plaintiff Midwest Container is a corporation organized and existing under and by virtue of law and authorized to transact business in the State of Missouri.

2.      Plaintiff Barnhart Development is a corporation organized and existing under and by virtue of law and authorized to transact business in the State of Missouri.

3.      Defendant HUB is a limited liability company organized and existing under and by virtue of law and authorized to transact business in the State of Missouri.

4.      Jurisdiction and venue are proper in this Court pursuant to § 508.010 RSMo.

1

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

## Facts Common to All Counts

5.      Midwest Container operated a business manufacturing and distributing plastic and ancillary products from 1982 until March of 2023.  Kent Meentemeyer is Midwest Container's sole shareholder and operated the business with his wife, Kim Meenetemeyer.

6.      In 2022, the Meentemeyers decided to step away from the business and worked with a broker to find a buyer for their business.

7.      Eventually, the Broker identified Little Mountain Industries as a purchaser.  Little Mountain is a private equity firm based in Cleveland, Ohio. One of Little Mountain Industries portfolio companies is HUB Plastics, a company in the same line of business as Midwest Container, that is based in Blacklick, Ohio.  HUB established the Defendant entity in order to acquire the Midwest Container Business.

8.      In March 2023, Midwest Container reached an agreement with HUB Plastics to sell substantially all of Midwest Container's assets to Defendant.

9.      Midwest Container and Defendant entered into an Asset Purchase Agreement ("APA") and a Lease Agreement ("Facility Lease") on March 31, 2023. A true and accurate copy of the Facility Lease is attached as **Exhibit A** and incorporated herein by reference. A true and accurate copy of the APA is attached as **Exhibit B** and incorporated herein by reference.

10.      Midwest Container retained ownership of the building and land located at 1700 Stahl Road, Barnhart, Missouri, 63012 (the "Premises").

11.      The Premises had been Midwest Container's site of operations for decades and contained machinery, materials and inventory that Defendant purchased under the APA.

2

4924-4950-6649, v. 1

12.     Pursuant to the Facility Lease, Midwest Container leased the Premises to Defendant, including the land and improvements thereon, for manufacturing, warehousing, distribution, and office uses.

13.     The term of the Facility Lease began on March 31, 2023, and continues for a period of five (5) years (the "Lease Term"), with the option for Defendant to renew the Facility Lease for three (3) additional periods of five (5) years each.

14.     Pursuant to the Facility Lease, Defendant agreed to pay Midwest Container, in advance, each month, rent in the amount of Fourteen Thousand Two Hundred Fifty and 00/100 Dollars ($14,250.00) per month (the "Rent").

15.     Rent payments are due and payable on the first day of each calendar month during the Lease Term.

16.     Also pursuant to the Facility Lease, a pumping station (the "Pumping Station") owned by Barnhart Development, would supply water to the Premises.

17.     Monthly payments of $1,000 to reimburse Midwest Container for water usage from the Pumping Station (the "Pumping Station Water Bill") are also due from Defendant to Midwest Container under the Facility Lease.

18.     Following the execution of the Facility Lease and APA, Kent Meentemeyer, Midwest Container's sole shareholder, and his wife, Kim Meentemeyer, worked on the Premises for six months to help transition operations to Defendant.

19.     The APA contains an indemnification holdback, pursuant to which Defendant withheld $600,000 of the purchase price (the "Indemnification Holdback Amount") to cover potential indemnifiable claims related to representations or warranties made in the APA.

3

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

20.      To date, Defendant has withheld the entire Indemnification Holdback Amount based on factual misrepresentations and legally-unsupported claims.

21.      The APA provides that in no event shall Midwest Container be responsible for damages in excess of the Indemnification Holdback Amount for the inaccuracy or breach of representation or warranty other than with respect to claims for the inaccuracy or breach of a "Fundamental Representation or Warranty" as those are defined in the APA.

22.      The Facility Lease permits Defendant to withhold or set off payment of Rent for any amount Defendant is entitled to under Section 7.4 of the APA upon notice to Midwest Container specifying *in reasonable detail* the basis for such set-off.  With respect to any shortfall in the Indemnification Holdback Amount, may, upon five (5) days prior written notice to Midwest Container reduce the Rent payable up to the full amount of such shortfall.

23.      The exercise of the right of set-off must be exercised by Defendant in good faith to avoid being a default under the Facility Lease.

24.      On June 27, 2025, counsel for Defendant advised in writing that Defendant would be withholding Rent pursuant to the Facility Lease for the month of July 2025.  Defendant's counsel further advised that Defendant would withhold Rent indefinitely purportedly under Section 7.4 of the APA for alleged amounts owed to Defendant in excess of the Indemnification Holdback Amount. A true and accurate copy of Defendant's June 27, 2025, correspondence is attached as **Exhibit C.**

25.      Here, Defendant's June 27 claim was made in bad faith because—among other reasons—there was already ongoing litigation regarding the Indemnification Holdback Amount and the bases that Defendant purported to withhold the Indemnification Holdback Amount. In

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

addition, the reasons Defendant had previously given for withholding the Indemnification Holdback were based on false statements and legally-unsupported claims.

26.     Defendant's June 27, 2025, correspondence further states that Defendant would no longer be paying the Pumping Station Water Bill.

27.     On July 7, 2025, Midwest Container sent correspondence to Defendant demanding Defendant remit payment for the July rent and current Pumping Station Water Bill within ten (10) days. A true and accurate copy of Midwest Container's July 7, 2025, correspondence is attached as **Exhibit D.**

28.      Defendant failed to remit payment for the past-due rent and Pumping Station Water Bill.

29.     After Midwest Container sent its July 7, 2025, correspondence to Defendant, Midwest Container learned that Defendant had forcibly entered the Pumping Station and attempted to alter its functioning, causing damage to the Pumping Station.

30.     On August 26, 2025, Midwest Container sent an invoice and demand to Defendant for payment to repair the Pumping Station. Said payment was due within ten (10) days, pursuant to Section 4.1 of the Facility Lease. A true and accurate copy of Midwest Container's August 26, 2025, correspondence is attached as **Exhibit E.**

31.     Defendant failed to pay the invoice for repair of the Pumping Station within ten days of the August 26, 2025, correspondence.

32.     Additionally, Defendant has made and caused alterations to the Premises, including, but not limited to, the removal of portions of the exterior walls, additions and alterations of offices and restrooms, and installation of an interior staircase in violation of Section 7.2 of the Facility Lease.

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

33.     In addition to the alterations above, Defendant has extensively and materially damaged the Premises in numerous ways.  These include, but are not limited to, the removal of a garage door, damage to a light pole and GFCI outlet box, and removal of locks.

34.     Defendant's actions have diminished the value of the Premises and Barnhart Development's property.  The alterations will also necessitate costly repairs.

35.     Since entering into the Facility Lease, Defendant has been placing orders with vendors for goods and services using Midwest Container's accounts with such vendors, causing Midwest Container to incur charges and demands for payment for goods and services which Midwest Container did not purchase.

## COUNT I- BREACH OF CONTRACT
### (Midwest Container v. Defendant)

36.     Plaintiffs restate the allegations contained in the preceding paragraphs as if fully stated herein.

37.     The Facility Lease is a valid contract between Midwest Container and Defendant.

38.     Midwest Container performed its obligations under the Facility Lease.

39.     Defendant breached the Facility Lease by failing to pay the monthly Rent and the Pumping Station Water Bill since July 2025.

40.     Defendant further breached the Facility Lease by failing to pay the invoice for Pumping Station repairs within ten (10) days after receipt of written notice.

41.     Midwest Container made demand upon Defendant to pay the past-due Rent and Pumping Station Water Bill.

42.     Defendant failed to remit the amount due and continues to fail to pay Rent and the Pumping Station Water Bill.

43.     Defendant's non-payment as a claimed "set-off" is not made in good faith.

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

44.    Pursuant to Section 11 of the Facility Lease, Defendant is in default, entitling Midwest Container to terminate the Facility Lease, re-enter into possession of the Premises with process of law, and expel, remove or put out Defendant, to sue and recover all rents accrued under the Facility Lease.

45.    As a result of Defendant's breach Midwest Container has sustained damages.

WHEREFORE, Midwest Container prays for judgment in its favor on Count I of Plaintiffs' Petition for a fair and reasonable amount in excess of $25,000, for termination of the Facility Lease, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

### COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT
#### (Midwest Container v. Defendant)

46.    Plaintiffs restate the allegations in the preceding paragraphs as if fully stated herein.

47.    Midwest Container leased the Premises to Defendant, which conferred a benefit on Defendant.

48.    The Premises leased to Defendant is valuable. The reasonable value of the Premises is the monthly Rent.

49.    Defendant appreciated, and continues to appreciate, the benefit provided by the Premises, and understood that Midwest Container was not leasing the Premises gratuitously.

50.    Defendant accepted and retained the benefit of the lease of the Premises.

51.    It would be unjust and inequitable under the circumstances for Defendant to retain the benefit of the leased Premises without paying the reasonable value thereof.

52.    Midwest Container has demanded payment for the reasonable value of the Premises but Defendant has failed and refused to pay.

4924-4950-6649, v. 1

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

53.     As a direct and proximate result of Defendant's conduct, Midwest Container has been damaged.

WHEREFORE, Midwest Container prays for judgment in its favor on Count II of Plaintiffs' Petition for a fair and reasonable amount in excess of $25,000, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

## COUNT III-WASTE
### (Midwest Container v. Defendant)

54.     Plaintiffs restate the allegations contained in the preceding paragraphs as if fully stated herein.

55.     At all times relevant herein, Midwest Container has owned the Premises leased by Defendant pursuant to the Facility Lease.

56.     Throughout the Lease Term, the Premises has suffered waste, damage, abuse, and extraordinary wear, including in the following respects:

(a) Multiple additions and renovations have been made without proper permitting;

(b) Damages to walls;

(c) Damages to wiring;

(d) Overhead garage door removed;

(e) Damages to light pole and GCFI outlet box.

57.     The damage to the Premises constitutes waste thereof.

58.     The damages were caused by or at the direction of Defendant.

59.     As a result of waste committed by Defendant, Midwest Container has been damaged in an amount in excess of $25,000.00.

60.     Pursuant to § 537.420 RSMo., Midwest Container is entitled to recover treble damages from Defendant.

8

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

WHEREFORE, Midwest Container prays for judgment in its favor on Count III of Plaintiffs' Petition for a fair and reasonable amount in excess of $25,000, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

### COUNT IV-IDENTITY THEFT
**(Midwest Container v. Defendant)**

61.     Plaintiffs restate the allegations contained in paragraphs 1-55 as if fully stated herein.

62.     Prior to the sale of substantially all of its assets to Defendant, Midwest Container maintained accounts with various vendors, for the purpose of placing orders for goods and services to use in its business operations.

63.     Under the APA, Midwest Container did not sell its vendor accounts or lines of credit to Defendant.

64.     Following its purchase of Midwest Container's assets, Defendant, through its agents, used Midwest Container's account information and placed orders with the various vendors for goods and services.

65.     Defendant used Midwest Containers' account information, including their account numbers, knowingly and with the intent to deceive or defraud.

66.     Defendant's use of Midwest Container's account information has caused the various vendors to charge Midwest Container's accounts for goods and services ordered by Defendant, and to make demand to Midwest Container for payment.

67.     Defendant's actions in using Midwest Container's account information, Defendant has violated § 570.223 RSMo. and is liable to Midwest Container for civil damages of up to five thousand dollars for each incident, or three times the amount of actual damages, whichever amount is greater.

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

68.    Midwest Container is entitled to recover its attorneys' fees pursuant to § 570.223 RSMo.

WHEREFORE, Midwest Container prays for judgment in its favor on Count IV of Plaintiffs' Petition for $5,000 for each use of its vendor accounts, or three times the amount of its actual damages, whichever is great, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

### COUNT V-NEGLIGENCE
**(Barnhart Development v. Defendant)**

69.    Plaintiffs restate the allegations contained in the preceding paragraphs as if fully stated herein.

70.    Defendant owed a duty of reasonable care not to damage Barnhart Development's property.

71.    Defendant breached this duty by breaking and entering into Barnhart Development's Water Pumping Station, attempting to alter its function, and causing significant damage.

72.    As a result of Defendant's breach, Barnhart Development's Pumping Station has sustained damage.

WHEREFORE, Barnhart Development prays for judgment in its favor on Count V of Plaintiffs' Petition for a fair and reasonable amount in excess of $25,000, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

### COUNT VI-QUANTUM MERUIT/UNJUST ENRICHMENT
**(Barnhart Development v. Defendant)**

73.    Plaintiffs restate the allegations contained in paragraphs 1-67 as if fully stated herein.

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

74.     Barnhart Development provides Water Pumping Station services to Defendant, which conferred a benefit on Defendant.

75.     The Water Pumping Station services Barnhart Development provided to Defendant are valuable. The reasonable value of the services is the Pumping Station Water Bill.

76.     Defendant appreciated, and continues to appreciate, the benefit provided by the Premises, including the provision of Pumping Station services and understood that Plaintiffs were not leasing the Premises or providing Pumping Station services gratuitously.

77.     Defendant accepted and retained the benefit of the lease of the Premises and the services provided.

78.     It would be unjust and inequitable under the circumstances for Defendant to retain the benefit of the leased Premises and Pumping Station services without paying the reasonable value thereof.

79.     Plaintiffs have demanded payment for the reasonable value of the Premises and Pumping Station services but Defendant has failed and refused to pay.

80.     As a direct and proximate result of Defendant's conduct, Barnhart Development has been damaged.

WHEREFORE, Barnhart Development prays for judgment in its favor on Count VI of Plaintiffs' Petition for a fair and reasonable amount in excess of $25,000, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

4924-4950-6649, v. 1

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

Dated: September 22, 2025

Respectfully Submitted,

**UB GREENSFELDER LLP**

*/s/ Lauren L. Wood*
Lauren L. Wood, #57808
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 345-5400
Facsimile:  (314) 241-4245
LWood@ubglaw.com

***Attorneys for Plaintiffs***

**PETITION EXHIBIT A – "FACILITY LEASE"**
**(Will Be Subject To A Motion To Seal)**

**PETITION EXHIBIT B – "APA"**
**(Will Be Subject To A Motion To Seal)**

**PETITION EXHIBIT C – "DEFENDANT'S JUNE 27, 2025 CORRESPONDENCE"**
**(Will Be Subject To A Motion To Seal)**

**PETITION EXHIBIT D – "MIDWEST CONTAINER'S JULY 7, 2025 CORRESPONDENCE"**
**(Will Be Subject To A Motion To Seal)**

25JE-CC00928

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

# UBGreensfelder™

**Lauren Wood**
*Partner*

DIRECT 314-516-2668
DIRECT FAX 314.241.4245
EMAIL lwood@ubglaw.com

August 26, 2025

**VIA EMAIL ONLY:** <u>wdoyle@taftlaw.com</u>

William Doyle, Esq.
Taft, Stettnius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114

  Re: Invoices for repairs water pumping station (the "Pumping Station") damaged by HUB Plastics-Midwest, LLC.

Will,

  Enclosed please find Invoice # 23738, in the amount of $20,290.00 and Invoice # 23739, in the amount of $4,263.00, for the repairs to the pumping station and door, necessitated by HUB Plastics-Midwest, LLC's damage to same.

  Please allow this correspondence to serve as demand for payment of these invoices within ten (10) days pursuant to Section 4.1 of the Facility Lease. Payment to Midwest Container & Industrial Supply should be sent to my office.

     Sincerely,

     UB GREENSFELDER LLP

     *Lauren L. Wood*

     Lauren Wood

LLW/gsl

cc (via email only): Dolores P. Garcia, Esq.
      David Kreuter, Esq.

ST. LOUIS
CLEVELAND
CINCINNATI
CHICAGO
COLUMBUS, OH
SO. ILLINOIS
CLAYTON, MO
NEW YORK
BOCA RATON
WASHINGTON DC

UBGLAW.COM

10 S. Broadway St.
Suite 2000
St. Louis, MO 63102

FIRM 314.345.5400  FAX 314.241.8624

**EXHIBIT**

**E**

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

# MIDWEST CONTAINER & IND SUPPLY

1700 STAHL ROAD
PO BOX 277
BARNHART, MO  63012
USA

Voice:    636-464-7100
Fax:       636-464-6570

# INVOICE

Invoice Number:    23738
Invoice Date:       Aug 12, 2025
Page:                 1

*Duplicate*

| Bill To: | Ship to: |
|---|---|
| HUB PLASTICS MIDWEST LLC<br>1700 STAHL ROAD<br>BARNHART, MO  63012<br>USA | HUB PLASTICS MIDWEST LLC<br>1700 STAHL ROAD<br>BARNHART, MO  63012<br>USA |

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| HUB PLASTICS | | Net 5 Days | |
| **Sales Rep ID** | **Shipping Method** | **Ship Date** | **Due Date** |
| KENT M. | TRUCK | | 8/17/25 |

| Quantity | Item | Description | Unit Price | Amount |
|---|---|---|---|---|
| 1.00 | | INSTALL PRECISION DIGITAL LEVEL CONTROLLER - LABOR & RELATED FITTINGS | 3,500.00 | 3,500.00 |
| 1.00 | | INSTALL MERCURY LEVEL CONTROLLER - LABOR & RELATED FITTINGS | 2,850.00 | 2,850.00 |
| 1.00 | | PULL AND REPLACE DEEP WELL PUMP AND MOTOR | 13,940.00 | 13,940.00 |
| 1.00 | | AS NEEDED #10 FLAT JACKETED WIRE $3.75/FT | | |
| | | AS NEEDED 2" GALVANIZED DROP PIPE $25.00/FT | | |

| | | | |
|---|---|---|---|
| | Subtotal | | 20,290.00 |
| | Sales Tax | | |
| | Total Invoice Amount | | 20,290.00 |
| Check/Credit Memo No: | Payment/Credit Applied | | |
| | **TOTAL** | | **20,290.00** |

INVOICES NOT PAID IN TERMS WILL BE CHARGED A LATE CHARGE OF 1.5%

Electronically Filed - Jefferson - September 22, 2025 - 12:15 PM

# MIDWEST CONTAINER & IND SUPPLY

1700 STAHL ROAD
PO BOX 277
BARNHART, MO 63012
USA

Voice: 636-464-7100
Fax: 636-464-6570

# INVOICE

| | |
|---|---|
| Invoice Number: | 23739 |
| Invoice Date: | Aug 12, 2025 |
| Page: | 1 |

*Duplicate*

| Bill To: | Ship to: |
|---|---|
| HUB PLASTICS MIDWEST LLC<br>1700 STAHL ROAD<br>BARNHART, MO 63012<br>USA | HUB PLASTICS MIDWEST LLC<br>1700 STAHL ROAD<br>BARNHART, MO 63012<br>USA |

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| HUB PLASTICS | | Net 5 Days | |
| **Sales Rep ID** | **Shipping Method** | **Ship Date** | **Due Date** |
| KENT M. | TRUCK | | 8/17/25 |

| Quantity | Item | Description | Unit Price | Amount |
|---|---|---|---|---|
| 1.00 | | PROPOSAL TO REMOVE AND HAUL AWAY EXISTING DOOR, FRAME, AND HARDWARE; THEN FURNISH AND INSTALL (1) 3'0" X 6'8" 3 HOUR FIRE RATED 18 GAUGE COLD ROLLED STEEL HOLLOW METAL DOOR | | |
| 1.00 | | (1) 3'0" X 6'8" 3 HOUR FIRE RATED 16 GAUGE COLD ROLLED STEEL HOLLOW METAL FRAME<br>NOTE: FRAME TO BE 5 3/4" IN DEPTH AND HAVE 2" FACE ON JAMBS/HEAD TO FIT EXISTING ROUGH OPENING | 4,263.00 | 4,263.00 |

| | |
|---|---|
| Subtotal | 4,263.00 |
| Sales Tax | |
| Total Invoice Amount | 4,263.00 |
| Payment/Credit Applied | |
| **TOTAL** | **4,263.00** |

Check/Credit Memo No:

INVOICES NOT PAID IN TERMS WILL BE CHARGED A LATE CHARGE OF 1.5%

# Summons in Civil Case

IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>EDWARD LOUIS PAGE | **Case Number: 25JE-CC00928** |
| Plaintiff/Petitioner:<br> MIDWEST CONTAINER &<br>INDUSTRIAL SUPPLY COMPANY | Plaintiff's/Petitioner's Attorney/Address<br>LAUREN WOOD<br>GREENSFELDER, HEMKER & GALE<br>10 S. BROADWAY<br>SUITE 2000<br>ST. LOUIS, MO  63102 |
| vs. | |
| Defendant/Respondent:<br> HUB PLASTICS-MIDWEST, LLC | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp for Return) |

The State of Missouri to:  **HUB PLASTICS-MIDWEST, LLC**
Alias:

**Serve: Registered Agent**
**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS MO  63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**JEFFERSON COUNTY**

| | |
|---|---|
| _____22-SEP-2025_____<br>Date | Michael E. Reuter by: /s/<br>A.McKalip, Deputy Clerk<br>Clerk |

**Further Information:**

Case Number: 25JE-CC00928

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____  _____
                                    Date                      Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - JEFFERSON - September 22, 2025 - 12:33 PM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **MIDWEST CONTAINER &** ) | |
| **INDUSTRIAL SUPPLY COMPANY,** ) | |
| **and BARNHART DEVELOPMENT** ) | |
| **CORP.,** ) | |
| ) | |
| **Plaintiffs,** ) | **Case No.:  25JE-CC00928** |
| ) | |
| **v.** ) | |
| ) | |
| **HUB PLASTICS-MIDWEST, LLC** ) | |
| ) | |
| **Serve: Registered Agent** ) | |
| **C T CORPORATION SYSTEM** ) | |
| **5661 Telegraph Rd Ste 4B** ) | |
| **St. Louis, MO 63129-4275** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMO TO COURT</u>

COMES NOW, Plaintiff, by and through counsel, and hereby submits the

Petition filing fee due to Missouri Case.Net system error.


Dated: September 22, 2025          Respectfully Submitted,

**UB GREENSFELDER LLP**

*/s/ Lauren L. Wood*
Lauren L. Wood, #57808
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 345-5400
Facsimile:  (314) 241-4245
LWood@ubglaw.com

***Attorneys for Plaintiffs***

1

*RETURN*

5/3 10/22

Electronically Filed - JEFFERSON - October 09, 2025 - 01:27 PM



## Summons in Civil Case

IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>EDWARD LOUIS PAGE | **Case Number: 25JE-CC00928** |
|---|---|
| Plaintiff/Petitioner:<br>**MIDWEST CONTAINER &<br>INDUSTRIAL SUPPLY COMPANY**<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LAUREN WOOD<br>GREENSFELDER, HEMKER & GALE<br>10 S. BROADWAY<br>SUITE 2000<br>ST. LOUIS, MO 63102    *57808* |
| Defendant/Respondent:<br>HUB PLASTICS-MIDWEST, LLC | Court Address:<br>P O BOX 100 |
| Nature of Suit:<br>CC Breach of Contract | 300 MAIN ST<br>HILLSBORO, MO 63050 |

(Date File
Stamp for
Return)

**The State of Missouri to:**   **HUB PLASTICS-MIDWEST, LLC**
**Alias:**

**Serve: Registered Agent**    *30 CTCOR*
**CT CORPORATION SYSTEM**    *JA*
**5661 TELEGRAPH RD STE 4B**
**ST. LOUIS MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**JEFFERSON COUNTY**

**Further Information:**

_____22-SEP-2025_____
Date

Michael E. Reuter by: /s/
A.McKalip, Deputy Clerk
Clerk

2025 SEP 30 AM 8:28
ST. LOUIS COUNTY
SHERIFF'S OFFICE
RECEIVED

*10/2/25*
*CP*

*25 smcc-15835*

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-1892** 1 of 2 (25JE-CC00928)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - JEFFERSON - October 09, 2025 - 01:27 PM

Case Number: 25JE-CC00928

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _Intake Specialist_ (title).

☑ other: _Ct BRP_ _____.

Served at _5661 Telegraph Rd, Suite 4B, 63129_ (address)
in _St Louis_ (County/City of St. Louis), MO, on _6/06/25_ (date)
at _1120_ (time).

_Daniel Becker_ 

_____    _____
Printed Name of Officer or Server       Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____
                              Date              Notary Public

**Service Fees (if applicable)**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.