Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MIDWEST CONTAINER & INDUSTRIAL SUPPLY COMPANY, and BARNHART DEVELOPMENT CORP., | ) ) ) ) | Case No.: 25JE-CC00928 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | JUDGE EDWARD LOUIS PAGE |
| HUB PLASTICS-MIDWEST, LLC, | ) ) ) | |
| Defendant. | ) ) | |

<u>Notice to State Court of Removal of Case to Federal District Court</u>

Please take notice that on October 17, 2025, Defendant Hub Plastics-Midwest, LLC

("HPM") removed this civil action from the Circuit Court of Jefferson County, Missouri, to the

United States District Court for the Eastern District of Missouri. A copy of the notice of removal

is attached.


Dated:  October 17, 2025                    Respectfully submitted,

                                           THOMPSON COBURN LLP

                                           */s/Maria G. Zschoche*
                                           Maria G. Zschoche, #56635
                                           One US Bank Plaza, Suite 2800
                                           St. Louis, Missouri 63101
                                           (314) 552-6000
                                           (314) 552-7000 (Fax)
                                           mzschoche@thompsoncoburn.com

                                           *Attorney for Hub Plastics – Midwest, LLC*

176992051v2

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 17, 2025 a true and accurate copy of the foregoing was filed electronically via the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system. I hereby further certify that on October 17, 2025, a true and accurate copy of the foregoing was served via e-mail upon the following:

Lauren Wood
UB Greensfelder LLP
LWood@ubglaw.com

*Attorney for Plaintiffs*

/s/Maria G. Zschoche
Maria G. Zschoche, #56635

176992051v2

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MIDWEST CONTAINER &** | ) | |
| **INDUSTRIAL SUPPLY COMPANY,** | ) | |
| **and BARNHART DEVELOPMENT** | ) | |
| **CORP.,** | ) | **Case No.:** |
| | ) | |
| **Plaintiffs,** | ) | **Judge:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HUB PLASTICS-MIDWEST, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF REMOVAL**

Defendant Hub Plastics-Midwest, LLC ("HPM") hereby gives notice of removal of this case under 28 U.S.C. §§ 1332, 1441, and 1446 from the Circuit Court of Jefferson County, Missouri to the United States District Court for the Eastern District of Missouri.[1] The grounds for removal are as follows:

**BACKGROUND**

1.      On September 22, 2025, Plaintiffs Midwest Container & Industrial Supply Company ("Midwest Container") and Barnhart Development Corporation ("Barnhart") (collectively, "Plaintiffs") filed suit against HPM in the Circuit Court of Jefferson County, Missouri, in the case numbered 25JE-CC00928. A true and accurate copy of the Petition and

---

[1] In no way shall this Notice of Removal be interpreted as a waiver or relinquishment of HPM's right to assert defenses including the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) statute of limitations, (ix) statute of repose, or (x) any other procedural or substantive defense available under state or federal law.

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

Summons are attached as <u>Exhibit 1</u>.[2] Copies of all other pleadings, process, orders, and other documents currently on file in state court are also included in Exhibit 1 in accordance with Local Rule 81—2.03.

2. Plaintiffs assert the following claims against HPM: Breach of Contract; Quantum Meruit/ Unjust Enrichment; Waste; Identity Theft; and Negligence.

3. As will be fully set forth below, diversity jurisdiction now exists, the amount in controversy is satisfied, and this removal is timely pursuant to 28 U.S.C. § 1446(b).

**SHORT AND PLAIN STATEMENT OF GROUNDS FOR REMOVAL**

**I.      This Court Has Removal Jurisdiction.**

4. Federal law permits defendants sued in state court to remove a "civil action … of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Venue is proper because the United States District Court for the Eastern District of Missouri is the federal judicial district and division that covers the Circuit Court of Jefferson County where this action was originally filed.

**II.     There Is Complete Diversity Under 28 U.S.C. § 1332.**

6. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and HPM.

7. Midwest Container is a citizen of the State of Missouri. (Petition ¶ 1.)

---

[2] Exhibits A-D to the Petition are confidential documents and are required to be kept confidential by their terms, yet Plaintiffs filed them on the public docket in the state court action. To avoid compounding the problem, HPM is not including Exhibits A-D with the copy of the Petition that is attached. In accordance with E.D. Mo. Local Rule 13.05, HPM will file a motion to seal Exhibits A-D to the Petition after removal.

177169739

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

8.      Barnhart is a citizen of the State of Missouri. (Petition ¶ 2.)

9.      For purposes of federal court diversity jurisdiction, the citizenship of a limited liability company, such as HPM, is determined by the citizenship of each of its members. *See E3 Biofuels, LLC v. Biothane, LLC,* 781 F.3d 972, 975 (8th Cir. 2015). "The State of an LLC's organization does not determine its citizenship; only the citizenship of the LLC's members is determinative." *Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 635 (8th Cir. 2022).

10.     As set forth in the Declaration of HPM's President and Secretary, John Herrick ("Herrick Decl."), HPM is a limited liability company. (Herrick Decl. ¶ 2; Petition ¶ 3.)  A true and accurate copy of the Herrick Declaration is attached as Exhibit 2.

11.     HPM's sole member is Hub Holdings, LLC ("Hub Holdings"). (Herrick Decl. ¶ 3.)

12.     The managing member of Hub Holdings is LMI Management, LLC ("LMI"). (Herrick Decl. ¶ 4.) LMI's members are Little Mountain Industries, Inc., an Ohio corporation with its principal place of business in Mentor, Ohio, and Herrick Management, LLC ("Herrick Management"). (*Id*.) The members of Herrick Management are John and Laura Herrick, both of whom are citizens of Ohio. (*Id*.)

13.     The remaining members of LMI are various individuals, trusts, and limited liability companies. None of the individuals or trusts are Missouri citizens, nor are the members of the limited liability companies. (Herrick Decl. ¶ 5.)

14.     In short, no member of HPM, Hub Holdings, LMI, or Herrick Management is a citizen of the State of Missouri. (Herrick Decl. ¶ 6.)

15.     Therefore, complete diversity exists between the parties.

3

177169739

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

### III.    The Amount In Controversy Exceeds $75,000.

16.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold*." Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). And  "[a]s the numerous cases on the subject make clear, when the amount in controversy claimed in the plaintiff's state court complaint exceeds $75,000, the complaint generally is determinative of the amount in controversy issue for federal removal jurisdiction purposes." 14C WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE § 3725 (1998) (and cases cited therein); *Zunamon v. Brown*, 418 F.2d 883, 885 (8th Cir. 1969) ("We begin with the principle that the amount claimed by plaintiff ordinarily controls in determining whether jurisdiction lies in the federal court."). The pleaded amount is determinative unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

17.     While HPM denies that Plaintiffs are entitled to any monetary or other relief, it is plain from the allegations and relief sought by Plaintiffs in the Petition that "the amount in controversy exceeds the jurisdictional threshold." *Id*.

18.     Counts I-III of the Petition are asserted by Midwest against HPM. Each count claims damages in excess of $25,000. (Petition ¶¶ 36-60.) Count III also seeks to treble the claimed $25,000 in damages. (*Id*. at ¶ 60.)

4

177169739

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

19.     Count IV of the Petition is asserted by Midwest against HPM and seeks "$5,000 for each use of [Midwest's] vendor accounts, or three times the amount of [Midwest's] actual damages, whichever is great [sic] . . . ." (Petition ¶¶ 61-68.) Midwest also seeks an award of attorneys' fees in connection with Count IV. (*Id.* at ¶ 68.) "In determining the amount in controversy . . . attorney's fees are considered." *Osia v. Mid-Century Ins. Co.,* 2006 WL 1523020, *1 (E.D. Mo. May 30, 2006) (citing *Capital Indemn Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992)).

20.     Counts V-VI of the Petition are asserted by Barnhart against HPM and claim damages in excess of $25,000. (Petition ¶¶ 69-80.)

21.     Although HPM denies liability and does not believe Plaintiffs are entitled to any relief, the jurisdictional amount in controversy is satisfied based on Plaintiffs' allegations in the Petition.

**IV.     The Notice Of Removal Is Timely.**

22.     Pursuant to 28 U.S.C. § 1446(b)(1), the notice of removal shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.

23.     HPM was served with the summons and Petition on October 6, 2025. Accordingly, this Notice of Removal is being filed within thirty (30) days after HPM received a copy of the Petition setting forth the claims for relief upon which this action is based pursuant to 28 U.S.C. § 1446(b)(1). *See* Fed. R. Civ. P. 6(a).

5

177169739

## V.     The Notice Of Removal Is Proper.

24.     Pursuant to 28 U.S.C. § 1446(a), the summons, Petition, and Notice of Service attached as Exhibit 1, constitute all process, pleadings, and orders served upon HPM in this action.

25.     Upon the filing of this Notice of Removal, HPM, through counsel, will promptly file a copy of this Notice of Removal with the Circuit Court of Jefferson County, Missouri, in accordance with 28 U.S.C. § 1446(d). HPM will also provide Plaintiffs written notice of the filing of this Notice of Removal.

## **CONCLUSION**

In conclusion, because (1) there is complete diversity between Plaintiffs and HPM; (2) the amount in controversy exceeds $75,000 exclusive of interest and costs; and (3) this Notice of Removal is otherwise proper and timely, diversity jurisdiction exists under 28 U.S.C. § 1332, and this case falls within this Court's jurisdiction under 28 U.S.C. § 1441(a).

If any question arises as to the propriety of the removal of this action, HPM requests the opportunity to present a brief and requests oral argument in support of removal.

WHEREFORE, HPM gives notice that the above-described action pending in the Circuit Court of Jefferson County, Missouri, at Case No. 25JE-CC00928, be removed to this Court.

6

177169739

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

Dated:  October 17, 2025

Respectfully submitted,

THOMPSON COBURN LLP

*/s/ Maria G. Zschoche*
Maria G. Zschoche, #56635
One US Bank Plaza, Suite 2800
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 (Fax)
mzschoche@thompsoncoburn.com

*Attorney for Hub Plastics – Midwest, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025 a true and accurate copy of the foregoing was filed electronically via the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system. I hereby further certify that on October 17, 2025, a true and accurate copy of the foregoing was served via e-mail upon the following:

Lauren Wood
UB Greensfelder LLP
LWood@ubglaw.com

*Attorney for Plaintiffs*

*/s/Maria G. Zschoche*
Maria G. Zschoche, #56635

7

177169739

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

# EXHIBIT 1

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ⌄

**10/10/2025**

**Corporation Served**

Document ID - 25-SMCC-1892; Served To - HUB PLASTICS-MIDWEST, LLC; Served Date - 10/06/2025; Served Time - 11:20:00; Service Type - SP; Reason Description - SERV; Service Text -CORPORATION SERVED - SIGNED FOR BY DAN (INTAKE SPECIALIST)

**10/09/2025**

Notice of Service

25-SMCC-1892; Electronic Filing Certificate of Service.

**09/26/2025**

**Case Mgmt Conf Scheduled**

**Scheduled For:** 01/06/2026; 9:00 AM; EDWARD LOUIS PAGE; Jefferson

**09/22/2025**

**Memorandum Filed**

Memorandum to Court Paying Petition Filing Fee.

**Filed By:** LAUREN WOOD

**On Behalf Of:** MIDWEST CONTAINER & INDUSTRIAL SUPPLY COMPANY, BARNHART DEVELOPMENT CORP.

**Summons Issued-Circuit**

Document ID: 25-SMCC-1892, for HUB PLASTICS-MIDWEST, LLC

**Filing Info Sheet eFiling**

**Filed By:** LAUREN WOOD

**Confid Filing Info Sheet Filed**

Confidential Filing Information Sheet.

**Filed By:** LAUREN WOOD

**On Behalf Of:** MIDWEST CONTAINER & INDUSTRIAL SUPPLY COMPANY, BARNHART DEVELOPMENT CORP.

Pet Filed in Circuit Ct

Petition; Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E.

**Filed By:** LAUREN WOOD

**On Behalf Of:** MIDWEST CONTAINER & INDUSTRIAL SUPPLY COMPANY, BARNHART DEVELOPMENT CORP.

Case 4:25-cv-00285 MIDWEST CONTAINER & INDUSTRIAL...HUB PLASTICS...Docket Entries Page 11 of 41

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ⌄

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

**25JE-CC00928**

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| MIDWEST CONTAINER & INDUSTRIAL SUPPLY COMPANY, and BARNHART DEVELOPMENT CORP., | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: |
| | ) | |
| v. | ) | Division No.: |
| | ) | |
| HUB PLASTICS-MIDWEST, LLC | ) | |
| | ) | |
| Serve: Registered Agent | ) | |
| C T CORPORATION SYSTEM | ) | |
| 5661 Telegraph Rd Ste 4B | ) | |
| St. Louis, MO 63129-4275 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COME NOW Plaintiffs Midwest Container & Industrial Supply Company ("Midwest Container") and Barnhart Development Corp. ("Barnhart Development") (collectively "Plaintiffs"), by and through the undersigned counsel, and for their Petition against Defendant HUB Plastics-Midwest, LLC ("HUB" or "Defendant"), state as follows:

### Parties, Jurisdiction and Venue

1.      Plaintiff Midwest Container is a corporation organized and existing under and by virtue of law and authorized to transact business in the State of Missouri.

2.      Plaintiff Barnhart Development is a corporation organized and existing under and by virtue of law and authorized to transact business in the State of Missouri.

3.      Defendant HUB is a limited liability company organized and existing under and by virtue of law and authorized to transact business in the State of Missouri.

4.      Jurisdiction and venue are proper in this Court pursuant to § 508.010 RSMo.

1

4924-4950-6649, v. 1

**Facts Common to All Counts**

5.      Midwest Container operated a business manufacturing and distributing plastic and ancillary products from 1982 until March of 2023.  Kent Meentemeyer is Midwest Container's sole shareholder and operated the business with his wife, Kim Meenetemeyer.

6.      In 2022, the Meentemeyers decided to step away from the business and worked with a broker to find a buyer for their business.

7.      Eventually, the Broker identified Little Mountain Industries as a purchaser.  Little Mountain is a private equity firm based in Cleveland, Ohio. One of Little Mountain Industries portfolio companies is HUB Plastics, a company in the same line of business as Midwest Container, that is based in Blacklick, Ohio.  HUB established the Defendant entity in order to acquire the Midwest Container Business.

8.      In March 2023, Midwest Container reached an agreement with HUB Plastics to sell substantially all of Midwest Container's assets to Defendant.

9.      Midwest Container and Defendant entered into an Asset Purchase Agreement ("APA") and a Lease Agreement ("Facility Lease") on March 31, 2023. A true and accurate copy of the Facility Lease is attached as **Exhibit A** and incorporated herein by reference**.** A true and accurate copy of the APA is attached as **Exhibit B** and incorporated herein by reference**.**

10.      Midwest Container retained ownership of the building and land located at 1700 Stahl Road, Barnhart, Missouri, 63012 (the "Premises").

11.      The Premises had been Midwest Container's site of operations for decades and contained machinery, materials and inventory that Defendant purchased under the APA.

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

12. Pursuant to the Facility Lease, Midwest Container leased the Premises to Defendant, including the land and improvements thereon, for manufacturing, warehousing, distribution, and office uses.

13. The term of the Facility Lease began on March 31, 2023, and continues for a period of five (5) years (the "Lease Term"), with the option for Defendant to renew the Facility Lease for three (3) additional periods of five (5) years each.

14. Pursuant to the Facility Lease, Defendant agreed to pay Midwest Container, in advance, each month, rent in the amount of Fourteen Thousand Two Hundred Fifty and 00/100 Dollars ($14,250.00) per month (the "Rent").

15. Rent payments are due and payable on the first day of each calendar month during the Lease Term.

16. Also pursuant to the Facility Lease, a pumping station (the "Pumping Station") owned by Barnhart Development, would supply water to the Premises.

17. Monthly payments of $1,000 to reimburse Midwest Container for water usage from the Pumping Station (the "Pumping Station Water Bill") are also due from Defendant to Midwest Container under the Facility Lease.

18. Following the execution of the Facility Lease and APA, Kent Meentemeyer, Midwest Container's sole shareholder, and his wife, Kim Meentemeyer, worked on the Premises for six months to help transition operations to Defendant.

19. The APA contains an indemnification holdback, pursuant to which Defendant withheld $600,000 of the purchase price (the "Indemnification Holdback Amount") to cover potential indemnifiable claims related to representations or warranties made in the APA.

3

4924-4950-6649, v. 1

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

20.     To date, Defendant has withheld the entire Indemnification Holdback Amount based on factual misrepresentations and legally-unsupported claims.

21.     The APA provides that in no event shall Midwest Container be responsible for damages in excess of the Indemnification Holdback Amount for the inaccuracy or breach of representation or warranty other than with respect to claims for the inaccuracy or breach of a "Fundamental Representation or Warranty" as those are defined in the APA.

22.     The Facility Lease permits Defendant to withhold or set off payment of Rent for any amount Defendant is entitled to under Section 7.4 of the APA upon notice to Midwest Container specifying *in reasonable detail* the basis for such set-off.  With respect to any shortfall in the Indemnification Holdback Amount, may, upon five (5) days prior written notice to Midwest Container reduce the Rent payable up to the full amount of such shortfall.

23.     The exercise of the right of set-off must be exercised by Defendant in good faith to avoid being a default under the Facility Lease.

24.     On June 27, 2025, counsel for Defendant advised in writing that Defendant would be withholding Rent pursuant to the Facility Lease for the month of July 2025.  Defendant's counsel further advised that Defendant would withhold Rent indefinitely purportedly under Section 7.4 of the APA for alleged amounts owed to Defendant in excess of the Indemnification Holdback Amount. A true and accurate copy of Defendant's June 27, 2025, correspondence is attached as **Exhibit C.**

25.     Here, Defendant's June 27 claim was made in bad faith because—among other reasons—there was already ongoing litigation regarding the Indemnification Holdback Amount and the bases that Defendant purported to withhold the Indemnification Holdback Amount. In

4

4924-4950-6649, v. 1

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

addition, the reasons Defendant had previously given for withholding the Indemnification Holdback were based on false statements and legally-unsupported claims.

26. Defendant's June 27, 2025, correspondence further states that Defendant would no longer be paying the Pumping Station Water Bill.

27. On July 7, 2025, Midwest Container sent correspondence to Defendant demanding Defendant remit payment for the July rent and current Pumping Station Water Bill within ten (10) days. A true and accurate copy of Midwest Container's July 7, 2025, correspondence is attached as **Exhibit D.**

28. Defendant failed to remit payment for the past-due rent and Pumping Station Water Bill.

29. After Midwest Container sent its July 7, 2025, correspondence to Defendant, Midwest Container learned that Defendant had forcibly entered the Pumping Station and attempted to alter its functioning, causing damage to the Pumping Station.

30. On August 26, 2025, Midwest Container sent an invoice and demand to Defendant for payment to repair the Pumping Station. Said payment was due within ten (10) days, pursuant to Section 4.1 of the Facility Lease. A true and accurate copy of Midwest Container's August 26, 2025, correspondence is attached as **Exhibit E.**

31. Defendant failed to pay the invoice for repair of the Pumping Station within ten days of the August 26, 2025, correspondence.

32. Additionally, Defendant has made and caused alterations to the Premises, including, but not limited to, the removal of portions of the exterior walls, additions and alterations of offices and restrooms, and installation of an interior staircase in violation of Section 7.2 of the Facility Lease.

4924-4950-6649, v. 1

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

33. In addition to the alterations above, Defendant has extensively and materially damaged the Premises in numerous ways. These include, but are not limited to, the removal of a garage door, damage to a light pole and GFCI outlet box, and removal of locks.

34. Defendant's actions have diminished the value of the Premises and Barnhart Development's property. The alterations will also necessitate costly repairs.

35. Since entering into the Facility Lease, Defendant has been placing orders with vendors for goods and services using Midwest Container's accounts with such vendors, causing Midwest Container to incur charges and demands for payment for goods and services which Midwest Container did not purchase.

## COUNT I- BREACH OF CONTRACT
### (Midwest Container v. Defendant)

36. Plaintiffs restate the allegations contained in the preceding paragraphs as if fully stated herein.

37. The Facility Lease is a valid contract between Midwest Container and Defendant.

38. Midwest Container performed its obligations under the Facility Lease.

39. Defendant breached the Facility Lease by failing to pay the monthly Rent and the Pumping Station Water Bill since July 2025.

40. Defendant further breached the Facility Lease by failing to pay the invoice for Pumping Station repairs within ten (10) days after receipt of written notice.

41. Midwest Container made demand upon Defendant to pay the past-due Rent and Pumping Station Water Bill.

42. Defendant failed to remit the amount due and continues to fail to pay Rent and the Pumping Station Water Bill.

43. Defendant's non-payment as a claimed "set-off" is not made in good faith.

6

4924-4950-6649, v. 1

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

44. Pursuant to Section 11 of the Facility Lease, Defendant is in default, entitling Midwest Container to terminate the Facility Lease, re-enter into possession of the Premises with process of law, and expel, remove or put out Defendant, to sue and recover all rents accrued under the Facility Lease.

45. As a result of Defendant's breach Midwest Container has sustained damages.

WHEREFORE, Midwest Container prays for judgment in its favor on Count I of Plaintiffs' Petition for a fair and reasonable amount in excess of $25,000, for termination of the Facility Lease, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

### COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT
### (Midwest Container v. Defendant)

46. Plaintiffs restate the allegations in the preceding paragraphs as if fully stated herein.

47. Midwest Container leased the Premises to Defendant, which conferred a benefit on Defendant.

48. The Premises leased to Defendant is valuable. The reasonable value of the Premises is the monthly Rent.

49. Defendant appreciated, and continues to appreciate, the benefit provided by the Premises, and understood that Midwest Container was not leasing the Premises gratuitously.

50. Defendant accepted and retained the benefit of the lease of the Premises.

51. It would be unjust and inequitable under the circumstances for Defendant to retain the benefit of the leased Premises without paying the reasonable value thereof.

52. Midwest Container has demanded payment for the reasonable value of the Premises but Defendant has failed and refused to pay.

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

53.     As a direct and proximate result of Defendant's conduct, Midwest Container has been damaged.

WHEREFORE, Midwest Container prays for judgment in its favor on Count II of Plaintiffs' Petition for a fair and reasonable amount in excess of $25,000, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

## COUNT III-WASTE
### (Midwest Container v. Defendant)

54.     Plaintiffs restate the allegations contained in the preceding paragraphs as if fully stated herein.

55.     At all times relevant herein, Midwest Container has owned the Premises leased by Defendant pursuant to the Facility Lease.

56.     Throughout the Lease Term, the Premises has suffered waste, damage, abuse, and extraordinary wear, including in the following respects:

(a) Multiple additions and renovations have been made without proper permitting;

(b) Damages to walls;

(c) Damages to wiring;

(d) Overhead garage door removed;

(e) Damages to light pole and GCFI outlet box.

57.     The damage to the Premises constitutes waste thereof.

58.     The damages were caused by or at the direction of Defendant.

59.     As a result of waste committed by Defendant, Midwest Container has been damaged in an amount in excess of $25,000.00.

60.     Pursuant to § 537.420 RSMo., Midwest Container is entitled to recover treble damages from Defendant.

4924-4950-6649, v. 1

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

WHEREFORE, Midwest Container prays for judgment in its favor on Count III of Plaintiffs' Petition for a fair and reasonable amount in excess of $25,000, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

### COUNT IV-IDENTITY THEFT
### (Midwest Container v. Defendant)

61.     Plaintiffs restate the allegations contained in paragraphs 1-55 as if fully stated herein.

62.     Prior to the sale of substantially all of its assets to Defendant, Midwest Container maintained accounts with various vendors, for the purpose of placing orders for goods and services to use in its business operations.

63.     Under the APA, Midwest Container did not sell its vendor accounts or lines of credit to Defendant.

64.     Following its purchase of Midwest Container's assets, Defendant, through its agents, used Midwest Container's account information and placed orders with the various vendors for goods and services.

65.     Defendant used Midwest Containers' account information, including their account numbers, knowingly and with the intent to deceive or defraud.

66.     Defendant's use of Midwest Container's account information has caused the various vendors to charge Midwest Container's accounts for goods and services ordered by Defendant, and to make demand to Midwest Container for payment.

67.     Defendant's actions in using Midwest Container's account information, Defendant has violated § 570.223 RSMo. and is liable to Midwest Container for civil damages of up to five thousand dollars for each incident, or three times the amount of actual damages, whichever amount is greater.

9

4924-4950-6649, v. 1

68.     Midwest Container is entitled to recover its attorneys' fees pursuant to § 570.223 RSMo.

WHEREFORE, Midwest Container prays for judgment in its favor on Count IV of Plaintiffs' Petition for $5,000 for each use of its vendor accounts, or three times the amount of its actual damages, whichever is great, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

## COUNT V-NEGLIGENCE
### (Barnhart Development v. Defendant)

69.     Plaintiffs restate the allegations contained in the preceding paragraphs as if fully stated herein.

70.     Defendant owed a duty of reasonable care not to damage Barnhart Development's property.

71.     Defendant breached this duty by breaking and entering into Barnhart Development's Water Pumping Station, attempting to alter its function, and causing significant damage.

72.     As a result of Defendant's breach, Barnhart Development's Pumping Station has sustained damage.

WHEREFORE, Barnhart Development prays for judgment in its favor on Count V of Plaintiffs' Petition for a fair and reasonable amount in excess of $25,000, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

## COUNT VI-QUANTUM MERUIT/UNJUST ENRICHMENT
### (Barnhart Development v. Defendant)

73.     Plaintiffs restate the allegations contained in paragraphs 1-67 as if fully stated herein.

10

4924-4950-6649, v. 1

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

74. Barnhart Development provides Water Pumping Station services to Defendant, which conferred a benefit on Defendant.

75. The Water Pumping Station services Barnhart Development provided to Defendant are valuable. The reasonable value of the services is the Pumping Station Water Bill.

76. Defendant appreciated, and continues to appreciate, the benefit provided by the Premises, including the provision of Pumping Station services and understood that Plaintiffs were not leasing the Premises or providing Pumping Station services gratuitously.

77. Defendant accepted and retained the benefit of the lease of the Premises and the services provided.

78. It would be unjust and inequitable under the circumstances for Defendant to retain the benefit of the leased Premises and Pumping Station services without paying the reasonable value thereof.

79. Plaintiffs have demanded payment for the reasonable value of the Premises and Pumping Station services but Defendant has failed and refused to pay.

80. As a direct and proximate result of Defendant's conduct, Barnhart Development has been damaged.

WHEREFORE, Barnhart Development prays for judgment in its favor on Count VI of Plaintiffs' Petition for a fair and reasonable amount in excess of $25,000, for its fees and costs herein expended, and for any such further relief as the Court deems just and proper.

11

4924-4950-6649, v. 1

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

Dated: September 22, 2025

Respectfully Submitted,

**UB GREENSFELDER LLP**

*/s/ Lauren L. Wood*
Lauren L. Wood, #57808
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 345-5400
Facsimile: (314) 241-4245
LWood@ubglaw.com

***Attorneys for Plaintiffs***

12

4924-4950-6649, v. 1

**PETITION EXHIBIT A – "FACILITY LEASE"**
(Will Be Subject To A Motion To Seal)

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

**PETITION EXHIBIT B – "APA"**
**(Will Be Subject To A Motion To Seal)**

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

**PETITION EXHIBIT C – "DEFENDANT'S JUNE 27, 2025 CORRESPONDENCE"**
(Will Be Subject To A Motion To Seal)

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

**PETITION EXHIBIT D – "MIDWEST CONTAINER'S JULY 7, 2025 CORRESPONDENCE"**
**(Will Be Subject To A Motion To Seal)**

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

25JE-CC00928

# UBGreensfelder™

**Lauren Wood**
*Partner*
DIRECT        314-516-2668
DIRECT FAX    314.241.4245
EMAIL         lwood@ubglaw.com

August 26, 2025

**VIA EMAIL ONLY:**  wdoyle@taftlaw.com

William Doyle, Esq.
Taft, Stettnius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114

> Re:   Invoices for repairs water pumping station (the "Pumping Station") damaged by HUB Plastics-Midwest, LLC.

Will,

Enclosed please find Invoice # 23738, in the amount of $20,290.00 and Invoice # 23739, in the amount of $4,263.00, for the repairs to the pumping station and door, necessitated by HUB Plastics-Midwest, LLC's damage to same.

Please allow this correspondence to serve as demand for payment of these invoices within ten (10) days pursuant to Section 4.1 of the Facility Lease. Payment to Midwest Container & Industrial Supply should be sent to my office.

Sincerely,

UB GREENSFELDER LLP

Lauren Wood

LLW/gsl

cc (via email only): Dolores P. Garcia, Esq.
David Kreuter, Esq.

ST. LOUIS

CLEVELAND

CINCINNATI

CHICAGO

COLUMBUS, OH

SO. ILLINOIS

CLAYTON, MO

NEW YORK

BOCA RATON

WASHINGTON DC

UBGLAW.COM

10 S. Broadway St.
Suite 2000
St. Louis, MO 63102

FIRM    314.345.5400          FAX    314.241.8624

**EXHIBIT**

**E**

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

# MIDWEST CONTAINER & IND SUPPLY

1700 STAHL ROAD
PO BOX 277
BARNHART, MO  63012
USA

Voice:  636-464-7100
Fax:  636-464-6570

# INVOICE

| | |
|---|---|
| Invoice Number: | 23738 |
| Invoice Date: | Aug 12, 2025 |
| Page: | 1 |

*Duplicate*

| Bill To: | Ship to: |
|---|---|
| HUB PLASTICS MIDWEST LLC<br>1700 STAHL ROAD<br>BARNHART, MO  63012<br>USA | HUB PLASTICS MIDWEST LLC<br>1700 STAHL ROAD<br>BARNHART, MO  63012<br>USA |

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| HUB PLASTICS | | Net 5 Days | |
| **Sales Rep ID** | **Shipping Method** | **Ship Date** | **Due Date** |
| KENT M. | TRUCK | | 8/17/25 |

| Quantity | Item | Description | Unit Price | Amount |
|---|---|---|---|---|
| 1.00 | | INSTALL PRECISION DIGITAL LEVEL CONTROLLER - LABOR & RELATED FITTINGS | 3,500.00 | 3,500.00 |
| 1.00 | | INSTALL MERCURY LEVEL CONTROLLER - LABOR & RELATED FITTINGS | 2,850.00 | 2,850.00 |
| 1.00 | | PULL AND REPLACE DEEP WELL PUMP AND MOTOR | 13,940.00 | 13,940.00 |
| 1.00 | | AS NEEDED #10 FLAT JACKETED WIRE $3.75/FT<br>AS NEEDED 2" GALVANIZED DROP PIPE $25.00/FT | | |

| | | |
|---|---|---|
| | Subtotal | 20,290.00 |
| | Sales Tax | |
| | Total Invoice Amount | 20,290.00 |
| Check/Credit Memo No: | Payment/Credit Applied | |
| | **TOTAL** | **20,290.00** |

INVOICES NOT PAID IN TERMS WILL BE CHARGED A LATE CHARGE OF 1.5%

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

# MIDWEST CONTAINER & IND SUPPLY

1700 STAHL ROAD
PO BOX 277
BARNHART, MO  63012
USA

Voice:   636-464-7100
Fax:     636-464-6570

# INVOICE

Invoice Number:   23739
Invoice Date:     Aug 12, 2025
Page:             1

*Duplicate*

| Bill To: | Ship to: |
|---|---|
| HUB PLASTICS MIDWEST LLC<br>1700 STAHL ROAD<br>BARNHART, MO  63012<br>USA | HUB PLASTICS MIDWEST LLC<br>1700 STAHL ROAD<br>BARNHART, MO  63012<br>USA |

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| HUB PLASTICS | | Net 5 Days | |
| **Sales Rep ID** | **Shipping Method** | **Ship Date** | **Due Date** |
| KENT M. | TRUCK | | 8/17/25 |

| Quantity | Item | Description | Unit Price | Amount |
|---|---|---|---|---|
| 1.00 | | PROPOSAL TO REMOVE AND HAUL AWAY EXISTING DOOR, FRAME, AND HARDWARE; THEN FURNISH AND INSTALL (1) 3'0" X 6'8" 3 HOUR FIRE RATED 18 GAUGE COLD ROLLED STEEL HOLLOW METAL DOOR | | |
| 1.00 | | (1) 3'0" X 6'8" 3 HOUR FIRE RATED 16 GAUGE COLD ROLLED STEEL HOLLOW METAL FRAME<br>NOTE:  FRAME TO BE 5 3/4" IN DEPTH AND HAVE 2" FACE ON JAMBS/HEAD TO FIT EXISTING ROUGH OPENING | 4,263.00 | 4,263.00 |

| | | |
|---|---|---|
| | Subtotal | 4,263.00 |
| | Sales Tax | |
| | Total Invoice Amount | 4,263.00 |
| Check/Credit Memo No: | Payment/Credit Applied | |
| | **TOTAL** | **4,263.00** |

INVOICES NOT PAID IN TERMS WILL BE CHARGED A LATE CHARGE OF 1.5%

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

Case: 4:25-cv-01557-CMS Doc. #: 3 Filed: 10/17/25 Page: 2 of 26 PageID #: 111

# Summons in Civil Case

IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>EDWARD LOUIS PAGE | Case Number: 25JE-CC00928 |
|---|---|
| Plaintiff's/Petitioner:<br>MIDWEST CONTAINER &<br>INDUSTRIAL SUPPLY COMPANY | Plaintiff's/Petitioner's Attorney/Address<br>LAUREN WOOD<br>GREENSFELDER, HEMKER & GALE<br>10 S. BROADWAY<br>SUITE 2000<br>ST. LOUIS, MO 63102 |
| vs. | |
| Defendant/Respondent:<br>HUB PLASTICS-MIDWEST, LLC<br>Nature of Suit:<br>CC Breach of Contract | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 |

The State of Missouri to: HUB PLASTICS-MIDWEST, LLC

Alias:

Serve: Registered Agent
CT CORPORATION SYSTEM
5661 TELEGRAPH RD STE 4B
ST. LOUIS MO 63129-4275

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**JEFFERSON COUNTY**

22-SEP-2025        Michael E. Reuter by: /s/
      Date                    A.McKalip, Deputy Clerk
                                    Clerk

**Further Information:**

(Date File Stamp for Return)

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-1892** 1 of 2 (25JE-CC00928)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, 506.150 RSMo

Case Number: 25JE-CC00928

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____

Date                                    Notary Public

**Service Fees (if applicable)**

Summons                                   $_____
Non Est                                   $_____
Sheriff's Deputy Salary
Supplemental Surcharge                    $____10.00____
Mileage                                   $_____ (_____ miles @ $._____ per mile)
**Total**                                 $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI**

MIDWEST CONTAINER & )
INDUSTRIAL SUPPLY COMPANY, )
and BARNHART DEVELOPMENT )
CORP., )
)
     Plaintiffs, )     Case No.:  25JE-CC00928
)
v. )
)
HUB PLASTICS-MIDWEST, LLC )
)
    Serve: Registered Agent )
    C T CORPORATION SYSTEM )
    5661 Telegraph Rd Ste 4B )
    St. Louis, MO 63129-4275 )
)
    Defendant. )

## MEMO TO COURT

COMES NOW, Plaintiff, by and through counsel, and hereby submits the

Petition filing fee due to Missouri Case.Net system error.


Dated: September 22, 2025          Respectfully Submitted,

                                **UB GREENSFELDER LLP**

                                */s/ Lauren L. Wood*
                                Lauren L. Wood, #57808
                                10 S. Broadway, Suite 2000
                                St. Louis, MO 63102
                                Telephone: (314) 345-5400
                                Facsimile:  (314) 241-4245
                                LWood@ubglaw.com

                                ***Attorneys for Plaintiffs***

1

4920-3370-7115, v. 1

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM



## Summons in Civil Case

**RETURN**

IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

*SB 10/22*

| Judge or Division:<br>EDWARD LOUIS PAGE | Case Number: **25JE-CC00928** | |
|---|---|---|
| Plaintiff/Petitioner:<br>MIDWEST CONTAINER &<br>INDUSTRIAL SUPPLY COMPANY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LAUREN WOOD<br>GREENSFELDER, HEMKER & GALE<br>10 S. BROADWAY<br>SUITE 2000<br>ST. LOUIS, MO 63102  *57808* | |
| Defendant/Respondent:<br>HUB PLASTICS-MIDWEST, LLC | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

The State of Missouri to: **HUB PLASTICS-MIDWEST, LLC**
Alias:

*30 CTCOR*
*JA*

Serve: Registered Agent
CT CORPORATION SYSTEM
5661 TELEGRAPH RD STE 4B
ST. LOUIS MO 63129-4275

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**JEFFERSON COUNTY**

**Further Information:**

| 22-SEP-2025 | Michael E. Reuter by: /s/ |
|---|---|
| Date | A.McKalip, Deputy Clerk |
| | Clerk |

ST. LOUIS COUNTY
SHERIFF'S OFFICE
2025 SEP 30 AM 8: 28
RECEIVED

*25 SMCC-15835*

*10/2/25*

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-1892** 1 of 2 (25JE-CC00928)  Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

Case Number: 25JE-CC00928

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to: _____ *OAN* (name) *Intake Specialist* (title).

☑ other: *CT GRp* _____.

Served at *5661 Telegraph Rd, Suite 4B, 63129* (address)

in *St Louis* (County/City of St. Louis), MO, on *6/06/25* (date)

at *11 20* (time).

_____          _____
Daniel Becker
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____  _____
                                              Date                    Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# **EXHIBIT 2**

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| MIDWEST CONTAINER & INDUSTRIAL SUPPLY COMPANY, and BARNHART DEVELOPMENT CORP., | ) ) ) ) ) **Case No.** |
| Plaintiffs, | ) ) **Judge:** |
| v. | ) ) **DECLARATION OF JOHN F.** |
| HUB PLASTICS – MIDWEST, LLC, | ) **HERRICK, JR.** ) |
| Defendant. | ) ) |

In accordance with 28 U.S.C. § 1746, I, John F. Herrick, Jr., declare as follows:

1.      I am over the age of twenty-one and competent to make this declaration. I have personal knowledge of the facts set forth herein, and if called to testify as a witness, I could and would testify truthfully thereto.

2.      I am the President and Secretary of Hub Plastics - Midwest, LLC ("HPM"). HPM is a limited liability company.

3.      HPM's sole member is Hub Holdings, LLC ("Hub Holdings").

4.      The managing member of Hub Holdings is LMI Management, LLC ("LMI"). LMI's members are Little Mountain Industries, Inc., an Ohio corporation with its principal place of business in Mentor, Ohio, and Herrick Management, LLC ("Herrick Management"). The members of Herrick Management are myself and Laura P. Herrick; both of us are citizens of Ohio.

5.      The remaining members of Hub Holdings are various individuals, trusts, and limited liability companies. None of the individuals or trusts are Missouri citizens, nor are the members of the limited liability companies.

1

6. In short, no member of HPM, Hub Holdings, LMI, or Herrick Management is a citizen of the State of Missouri.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 17, 2025

John F. Herrick, Jr.

177150638v2

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

2

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

MIDWEST CONTAINER        )
INDUSTRIAL SUPPLY COMPANY and   )
BARNHART DEVELOPMENT CORP.    ,   )
               )
      Plaintiff,      )
               )
      v.        )   Case No.
HUB PLASTICS-MIDWEST,      )
LLC           ,   )
               )
      Defendant,     )
               )

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐   THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____ .

☐   THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY

PREVIOUSLY FILED COMPLAINT. THE RELATED CASE NUMBER IS _____ AND

THAT CASE WAS ASSIGNED TO THE HONORABLE _____ . THIS CASE MAY,

THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒   NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT

COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE

MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: \_\_\_\_\_October 17, 2025\_\_\_\_\_      \_\_\_/s/ Maria G. Zschoche\_\_\_\_
                   Signature of Filing Party

JS 44   (Rev. 03/24)

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MIDWEST CONTAINER & INDUSTRIAL SUPPLY COMPANY and BARNHART DEVELOPMENT CORP.

**DEFENDANTS**

HUB PLASTICS-MIDWEST, LLC

**(b)** County of Residence of First Listed Plaintiff   **Jefferson County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Lake County, Ohio**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Lauren L. Wood, UB Greensfelder LLP
10 S. Broadway, Suite 2000, St. Louis, MO  63102

Attorneys *(If Known)*

Maria G. Zschoche, Thompson Coburn LLP
One US Bank Plaza, St. Louis, MO  63101

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine   ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury   ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice   ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   **Other:** ☐ 540 Mandamus & Other | **IMMIGRATION** ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education   ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1132 and 1441(a)

Brief description of cause:
Claims for breach of a Facility Lease Agreement, Waste and Misappropriation of Vendor Accounts arising under an Asset Purchase Agreement betw

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
>$75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
October 17, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Maria G. Zschoche

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 4:25-cv-01557-CMS   Doc# 1-4   3   Filed 10/17/25   Page 2 of 2   PageID #: 121

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Electronically Filed - JEFFERSON - October 17, 2025 - 03:05 PM